# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **KIMBERLY L. WILLIAMS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:17CV00037 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **AMANDA STEVENS, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Kimberly L. Williams, Pro Se Plaintiff.*

By Order entered September 18, 2017, I directed the plaintiff, Kimberly L. Williams, who is proceeding pro se, to file a statement setting forth all of her factual allegations in detail to allow me to determine whether there is a basis for federal court subject-matter jurisdiction. ECF No. 3. Williams filed her statement on October 2, 2017.

In her statement, Williams alleges that the defendants have violated her Fourth Amendment rights and her right to an attorney. She alleges that defendant Amanda Stevens detained Williams' daughter without Williams' consent and prevented Williams' daughter from communicating with Williams. She does not allege that Stevens held any position within a government entity or acted on behalf of the state.

Williams further alleges that defendant Rebecca Strouth, a social worker, visited her home with police officers when Williams was not present and later left a phone message for Williams stating that she was "filing custody papers with Amanda Stevens." ECF No. 4 at 2. Williams alleges that defendant Elizabeth Wills, a judge of the Virginia Juvenile and Domestic Relations Court, signed temporary custody papers and ordered that Williams would only be able to visit her daughter under supervision of the Department of Social Services.

Williams contends that Strouth did not contact her until the day before Wills granted temporary custody to Stevens. She further alleges that Wills' clerks refused to give her a form to request a court-appointed attorney because Williams would not sign a form stating that she had been charged with a crime.

I find that these allegations do not state a viable constitutional cause of action. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), I will dismiss the case. A separate order will be entered forthwith.

DATED: December 11, 2017

/s/ James P. Jones
United States District Judge